UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROBERT M. BAUMAN,

    Plaintiff,

    v.

BNSF RAILWAY COMPANY,

    Defendant.

Cause No. C20-6150RSL

ORDER MODIFYING THE SCHEDULING ORDER

This matter comes before the Court on "BNSF Railway Company's Motion for a Modified Scheduling Order" (Dkt. # 14) and "Plaintiff's Motion for Leave to Extend Time for [His] Response in Opposition to Defendant's Motion" (Dkt. # 18). Plaintiff's request for a one-day extension of time is GRANTED. The Court has considered the response memorandum filed on April 6, 2021, to which BNSF has filed a reply.

On November 23, 2020, plaintiff filed a complaint alleging that BNSF Railway Company was negligent in failing to provide a reasonably safe place to work as required by the Federal Employers Liability Act, 45 U.S.C. § 51, *et seq.* and the Locomotive Inspection Act, 49 U.S.C. § 20701. Plaintiff alleges that he was employed by various railroads from 1963-2004 as a clerk, machine operator, and truck driver, and that he was exposed to toxic substances including diesel fuel/fumes/exhaust, benzene, creosote, herbicides, and asbestos which caused or contributed to

ORDER MODIFYING THE
SCHEDULING ORDER - 1

his development of Hodgkin's Lymphoma. BNSF does not argue that the claims have been inadequately pled or that a more definite statement is needed.

BNSF served discovery requests seeking information regarding plaintiff's contention that his Hodgkin's Lymphoma was causally connected to the contaminants and substances identified in the complaint. In response to inquiries seeking the identity of any person who confirmed such a connection, plaintiff stated "Not applicable" and reserved the right to supplement his responses. Dkt. # 15-1 at 85-89. Plaintiff also acknowledged that he has no written materials "that support [his] claim that [he was] exposed to and/or sustained any injury or illness as a result of any exposure to any form of compound, chemical, exhaust or any other agent while doing work for a railroad." Dkt. # 15-1 at 94. At a meet and confer regarding the adequacy of the responses, plaintiff's counsel stated that causation was "a question for the experts," but acknowledged that she had not asked any experts whether a causal connection existed. Dkt. # 15 at ¶¶ 4-5. Thus, it appears that as of the filing of the complaint, counsel had no basis for the causation allegations contained therein.

"Federal Rule of Civil Procedure 11(b)(3) requires an attorney to certify that the factual contentions within a complaint have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation." *Jacobson v. BNSF Line Railroad*, C18-1772JLR, Dkt. # 26 at 3 (W.D. Wash. June 11, 2019). BNSF has not filed a motion for sanctions under Rule 11, however. Nor has it filed a motion for summary judgment on the issue of causation. Instead, BNSF requests that the Court front-load discovery, compelling production of "sworn affidavits that: (1) identify the actual substances Plaintiff claims he was exposed to at work and caused his Hodgkin's Lymphoma; (2) contain a

ORDER MODIFYING THE
SCHEDULING ORDER - 2

qualified expert's opinion that the substances Plaintiff claims caused his Hodgkin's Lymphoma can actually cause this form of cancer (general causation); and (3) identify the scientific and medical authorities that support such a causal link." Dkt. # 14 at 2. BNSF also requests that the modified scheduling order "call[] for the dismissal of the case, or allow[] BNSF to file a no-evidence motion for summary judgment, if the required affidavits are not produced." *Id.*

Plaintiff opposes the motion, pointing out that there are no extraordinary case management needs presented by this personal injury action[1] and that there are other procedural devices available to defendant without having to rely upon the Court's general and inherent authority to manage the litigation before it. The Court agrees and adopts the reasoning set forth in *Hagy v. Equitable Prod. Co.*, No. 2:10-CV-01372, 2012 WL 713778, at *3-4 (S.D. W. Va. Mar. 5, 2012):

> [BNSF has] requested that the court enter a *Lone Pine* Case Management Order. A *Lone Pine* order is designed to assist in the management of complex issues and potential burdens on defendants and the court in mass tort litigation, essentially requiring plaintiffs to produce a measure of evidence to support their claims at the outset. The concept originated from the unpublished decision of a New Jersey state court issuing a case management order in *Lore v. Lone Pine Corp.*, 1986 WL 637507 (Nov. 18, 1986). The plaintiffs in that case had sued over 400 defendants. The named defendant was alleged to have operated a landfill, and the remaining defendants were alleged to be generators and haulers of toxic materials. The plaintiffs alleged that the defendants had caused them to suffer toxic tort exposure injuries and reduced property values. The case management order required the plaintiffs to offer specific proof regarding their alleged exposure, reports of

---

[1] The fact that plaintiff's counsel has filed "hundreds of near-identical complaints" against railroads around the country does not make this case inherently complex, nor does it suggest bad faith. If a single railroad employee were injured by the environmental contaminants to which he or she was exposed in the workplace, it is not unreasonable to suspect that other employees may have suffered similar injuries.

ORDER MODIFYING THE
SCHEDULING ORDER - 3

physicians regarding causation, and specific information substantiating each claim of property damage. Plaintiffs could not satisfy the burden imposed by the order, and the case was eventually dismissed. *Id*.

No federal rule or statute requires, or even explicitly authorizes, the entry of *Lone Pine* orders. Courts citing authority for this type of extraordinary procedure typically rely upon the broad permission bestowed by Federal Rule of Civil Procedure 16. *See e.g., Acuna v. Brown & Root Inc*., 200 F.3d 335 340 (5th Cir. 2000) ("In the federal courts, such orders are issued under the wide discretion afforded district judges over the management of discovery under Fed.R.Civ.P. 16.").

While Lone Pine orders have proven useful at times in complex litigation, this court has previously explained that "[g]iven a choice between a '*Lone Pine* order' created under the court's inherent case management authority and available procedural devices such as summary judgment, motions to dismiss, motions for sanctions and similar rules, I believe it more prudent to yield to the consistency and safeguards of the mandated rules." *In re Digitek Prod. Liability Litig.*, 264 F.R.D. 249, 259 (S.D. W. Va. 2010). In this case, [BNSF's] "[c]laims of efficiency, elimination of frivolous claims and fairness [may] effectively [be] addressed using the existing and standard means." *Id*.

Absent the presumption of merit that was present in *Jacobson,* the Court finds that the entry of a *Lone Pine* order would be inappropriate in this case. BNSF's motion is therefore DENIED.

Dated this 26th day of April, 2021.

*signature*

Robert S. Lasnik
United States District Judge

ORDER MODIFYING THE
SCHEDULING ORDER - 4